**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **IN RE:** Don Meissner <br> <div align="center">Debtor(s)</div> <br> vs. <br> Toyota Motor Credit Corporation <br> <div align="center">Respondent</div> | CHAPTER 13 <br><br> NO. 20-11754 ELF |

**RESPONSE OF TOYOTA MOTOR CREDIT CORPORATION**
**TO DEBTOR'S OBJECTION TO PROOF OF CLAIM**

Respondent, Toyota Motor Credit Corporation, by and through its counsel, KML Law Group, P.C., hereby opposes Debtor's Objection to Proof of Claim and assigns the following reasons therefore:

1. Admitted in part and denied in part. It is specifically denied that the value of the vehicle is $8,408.00. Strict proof is demanded at time of trial.

2. Admitted.

3. Denied. Strict proof is demanded at time of trial. Further, according to the NADA valuation attached here as Exhibit A, the Clean Retail Value for Debtor's vehicle, assuming a mileage of 131,000, as of March 22, 2020 was $19,300.00, and the Adjusted Value was $16,550.00. As shown in the report, the specific VIN of Debtor's vehicle was used in generating the report, thus ensuring that the exact specifications of the vehicle were accounted for. The valuation attached to Debtor's Motion cannot be used as it refers to a similar vehicle but not exact vehicle, such as different trim and style. Additionally, Debtor's alleged valuation report only lists the "Trade-in Value." "[I]f the property was acquired for consumer purposes, the second sentence [of 11 U.S.C. § 506(a)] mandates that replacement value be determined from the perspective of a retail merchant, not that of the debtor." In re Henry, 457 B.R. 402, 407 (Bankr. E.D. Pa. 2011). In In re Zambuto, District of New Jersey Bankruptcy Judge Kaplan found that "because Debtor's appraisers used Galves trade-in listings as the starting point of their analyses, their opinions will not be taken as convincing evidence of replacement value." 437 B.R. 175, 182 (Bankr. D.N.J. 2010). Rather, "the Court must determine the reasonable adjustment to the NADA retail value in light of the Vehicle's age and condition as of the petition date." Id. Respondent's attached NADA report properly accounts for the Vehicle's age and condition as it contains both the "clean retail value" as well as the "adjusted value," which incorporates a deduction for the mileage on the vehicle. Additionally, within his motion, Debtor makes no assertions or claims regarding the

    state or condition of the vehicle beyond the mileage of 131,000 as listed in his report. Even for the mileage, Debtor offers no evidence in support of the alleged number. Therefore, the adjusted valuation of $16,550.00 is appropriate.

4. Denied. Strict proof is demanded at time of trial. While the current prime interest rate is 3.25%, that rate is only the starting point for determining the interest rate through the plan. "[T]he appropriate rate of interest to be applied on a 'crammed down' claim pursuant to section 1325(a)(5)(B)(ii) is the rate calculated under the 'formula approach,' which begins with the national prime rate and then makes an upward adjustment to account for the risk being placed upon the creditor." In re Nowlin, 321 B.R. 678, 685 (Bankr. E.D. Pa. 2005) citing Till v. SCS Credit Corporation, 541 U.S. 465, 124 S.Ct. 1951, 1961-62, 158 L.Ed.2d 787 (2004). "The factors to consider when determining the amount of the upward adjustment are the circumstances of the estate, the nature of the security and the duration and feasibility of the debtor's chapter 13 plan." Id. In Nowlin, an increase of 4% from the prime rate at the time of filing the petition was found appropriate. In the instant matter, a similar increase is also appropriate. Respondent's Claim requests an interest rate of 6.29%, which is an increase of slightly more than 3% from the prime rate at time of filing. This increase is necessary to protect Respondent from the risks of Debtor's bankruptcy. Debtor loan with Respondent was in arrears at the time of bankruptcy filing. Further, though Respondent objects to admissibility of Debtor's statements regarding the current economic situation with regards to the valuation of the vehicle, if taken to be true, the downturn of the economy presents a large feasibility issue for Debtor's plan. Debtor's bankruptcy schedules list his employment as "massage therapist/uber driver." Due to the current social distancing orders and closures because of the current pandemic, there is a large feasibility concern as to whether Debtor will be able to maintain steady payments during the bankruptcy.

5. [Labeled as "6" in Debtor's objection.] Admitted.

    WHEREFORE, Respondent prays that Debtors' Objection to Proof of Claim be overruled.

                                        Respectfully submitted,

Date: July 16, 2020

                                        **/s/Rebecca A. Solarz, Esq.**
                                        Rebecca A. Solarz, Esquire
                                        KML Law Group, P.C.
                                        BNY Mellon Independence Center
                                        701 Market Street, Suite 5000
                                        Philadelphia, PA  19106